UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BENJAMIN E. THURMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-CV-00258-JRG-DCP |
| J.J. JONES, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. §1983. On July 18, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* and allowed him to file an amended complaint [Doc. 4], which he did [Doc. 5]. Accordingly, this amended complaint is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will proceed only as to Plaintiff's claim that officers denied him medical care in violation of his constitutional rights based on a custom or policy of Knox County and all other claims will be **DISMISSED**.

### I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

## II. COMPLAINT ALLEGATIONS

In his amended complaint, Plaintiff alleges that he was repeatedly denied proper medical care [Doc. 5 at 3–4]. Plaintiff specifically states that during his confinement, he began to experience the symptoms of an infectious growth in his skull and on July 10, 2018, he contacted family members to request their aid in obtaining medical treatment "because the pain was becoming unbearable" [*Id.* at 4]. Plaintiff also asserts that from July 10, 2018, through July 13, 2018, he made verbal and electronic requests for medical care to pod officers, but the officers told Plaintiff that they did not care or "f____ you" [*Id.*]. On July 13, 2018, however, after numerous family calls and visits to the detention facility, Plaintiff received medical treatment and emergency surgery at the University of Tennessee hospital [*Id.*].

Plaintiff believes that if his family had not persisted in requesting medical help, he may have been denied that help for a longer period of time [*Id.* at 4–5]. Plaintiff also states that Defendant Jones failed to properly provide medical screening for him, that the delay in providing him medical care created a greater injury to him, and that "an atmosphere of indifference exists at the detention center which led to prolonged suffering and injury" [*Id.* at 5].

### III. ANALYSIS

First, Plaintiff's allegation that Defendant Jones failed to properly provide medical screening for him is conclusory and therefore fails to state a claim upon which relief may be granted under § 1983. *Iqbal*, 556 U.S. at 681 (holding that formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief).

Further, Defendant Jones may not be held liable in his individual capacity under § 1983 based on the acts of the pod officers alleged in the amended complaint, as nothing in the complaint allows the Court to plausibly infer that Defendant Jones directly participated in, acquiesced to, or authorized or encouraged those acts or omissions. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Liberally construing the complaint in Plaintiff's favor, however, the Court can plausibly infer that the officers' refusal to obtain medical treatment for Plaintiff violated his Eighth Amendment right to be free from cruel and unusual punishment and that this refusal was the result of a custom or policy of Knox County such that Knox County may be liable for these acts. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (holding that a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment and that prison officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs"); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (holding that claims against officials in their official capacity are effectively claims against the entity that employs them); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under

§ 1983 where its official custom or policy causes a constitutional rights violation). Accordingly, this claim will proceed in this action and the Clerk will be **DIRECTED** to substitute Knox County as a Defendant in the place of Defendant Jones.

### IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendant Jones in his individual capacity based on the allegations regarding medical screening and the acts of the officers and these claims are therefore **DISMISSED**;

2. Plaintiff's claim that the officers' refused to obtain medical treatment for him in violation of his Eighth Amendment right to be free from cruel and unusual punishment and that this refusal was the result of a custom or policy of Knox County will proceed;

3. The Clerk is **DIRECTED** to substitute Knox County as a Defendant in the place of Defendant Jones;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Knox County;

5. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (20) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

6. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

7. Defendant Knox County shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

8. If Defendant Knox County fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Knox County or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

4

monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE