UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BENJAMIN E. THURMAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-CV-00258-JRG-DCP |
| KNOX COUNTY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. §1983 that is proceeding only as to Plaintiff's claim that officers denied him medical care in violation of his constitutional rights pursuant to a custom or policy of Defendant Knox County [Doc. 6 p. 4]. Now before the Court is Defendant's motion to dismiss this action for failure to state a claim upon which relief may be granted under § 1983 [Doc. 11]. Plaintiff did not file a response to this motion and his time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, this motion [*Id.*] will be **GRANTED** and this action will be **DISMISSED**.

### I. ALLEGATIONS

The Court previously summarized the allegations in Plaintiff's amended complaint as follows:

> In his amended complaint, Plaintiff alleges that he was repeatedly denied proper medical care [Doc. 5 at 3–4]. Plaintiff specifically states that during his confinement, he began to experience the symptoms of an infectious growth in his skull and on July 10, 2018, he contacted family members to request their aid in obtaining medical treatment "because the pain was becoming

> unbearable" [*Id.* at 4]. Plaintiff also asserts that from July 10, 2018, through July 13, 2018, he made verbal and electronic requests for medical care to pod officers, but the officers told Plaintiff that they did not care or "f\_\_\_\_ you" [*Id.*]. On July 13, 2018, however, after numerous family calls and visits to the detention facility, Plaintiff received medical treatment and emergency surgery at a University of Tennessee hospital [*Id.*].
>
> Plaintiff believes that if his family had not persisted in requesting medical help, he may have been denied that help for a longer period of time [*Id.* at 4–5]. Plaintiff also states that Defendant Jones failed to properly provide medical screening for him, that the delay in providing him medical care created a greater injury to him, and that "an atmosphere of indifference exists at the detention center which led to prolonged suffering and injury" [*Id.* at 5].

[Doc. 6 at 2].

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is implausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Supreme Court has cautioned:

> Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 679 (internal citations omitted).

Additionally, while Plaintiff's claim survived the Court's initial review under the Prison Litigation Reform Act ("PLRA"), the standard for overcoming a Rule 12(b)(6) motion is a higher bar. *See, e.g., Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D.

2

Tenn. Jan. 4, 2017) (stating the required PLRA screening is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss under Rule 12(b)(6)).

### III. ANALYSIS

As set forth above, Plaintiff alleges that jail officials failed to respond to his requests for medical care and that "an atmosphere of indifference exists at the detention center which led to prolonged suffering and injury" [Doc. 5 at 3–5]. However, as Defendant Knox County correctly points out, Plaintiff's allegation that the Knox County Detention Center has "an atmosphere of indifference" is conclusory, and Plaintiff has not set forth any facts from which the Court can plausibly infer that other inmates in this facility were denied medical care and/or that the Sheriff of Defendant Knox County knew or should have known of any such incidents. Thus, the complaint fails to state a claim for relief upon which relief may be granted under § 1983 against Defendant Knox County. *Nouri v. County of Oakland*, 615 F. App'x 291, 296 (finding that where a prisoner filed a complaint that relied only on the prisoner's own experiences and did not allege that other inmates had experienced similar incidents of which the Sheriff was aware, it failed to state a claim upon which relief may be granted under § 1983 against a county for having a custom or policy that was the moving force behind a constitutional violation).

Moreover, as Defendant Knox County also argues, it is apparent from the complaint that Plaintiff's father, rather than Plaintiff himself, prepared and filed the complaint, "with [] [Plaintiff's] cooperation and participation" [*Id.* at 5]. However, to the extent that Plaintiff's father was thereby representing Plaintiff in this action as a non-attorney, this is also grounds for dismissal of this action. *Rayner v. Rees*, No. 3:07-CV-P124-S, 2007 WL 2258835, at *1 (W.D. Ky. July 31, 2007) (providing that "the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children . . . in § 1983 proceedings before a federal court") (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (noting that "[a]lthough 28 U.S.C.

3

§ 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake")).

## IV. CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss this action for failure to state a claim upon which relief may be granted under 1983 [Doc. 11] will be **GRANTED**;

2. This action will be **DISMISSED**; and

3. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
